# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 11, 2011

No. 10-11105
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT L. MOFFITT,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-111-3

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

In April 2006, Robert L. Moffitt, federal prisoner # 33882-177, was convicted of multiple offenses arising out of a drug-trafficking conspiracy and sentenced to a total of 360 months of imprisonment. The conviction and sentence were affirmed on appeal, and his 28 U.S.C. § 2255 motion was denied. *See United States v. Moffitt*, No. 06-10032 (5th Cir. July 23, 2007); *United States v. Moffitt*, No. 09-10813 (5th Cir. Feb. 17, 2010).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-11105

Moffitt filed a motion requesting that the district court order his former trial attorney to provide a copy of his files so that Moffitt could prepare a § 2255 motion. The district court denied the motion on the ground that Moffitt has already sought relief under § 2255. Moffitt has appealed.

Before we can reach the merits of this appeal, we must first consider our jurisdiction. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). This court may only exercise jurisdiction over final orders and certain interlocutory orders. *See* 28 U.S.C. §§ 1291 (final orders), 1292 (interlocutory decisions); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1945 (2009). As the motion to compel counsel to provide a copy of his files does not fall into any of the above categories, this appeal is dismissed for lack of jurisdiction. *See also* 5th Cir. R. 42.2

DISMISSED.